# In the United States Court of Federal Claims

No. 21-2186C

(Filed: November 30, 2021)

|  |  |
|---|---|
| **ITILITY, LLC,** | ) )  ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) ) |

## ORDER

    On November 19, 2021, Plaintiff, ITility, LLC, filed its complaint against Defendant, the United States, pursuant to 28 U.S.C. § 1491(b).  ECF No. 1.  On the same day, Plaintiff filed a notice of directly related case, asserting that this case is related to *Oak Grove Technologies, LLC v. United States*, Case No. 21-775C.  ECF No. 3.  On November 22, 2021, the Court held a telephonic preliminary status conference with the parties and solicited their views on whether the case is, in fact, directly related to *Oak Grove*.  ECF No. 7.

    During the status conference, the United States argued that this case is not related to *Oak Grove*.  Nevertheless, the undersigned agreed to retain the case for seven calendar days — through Monday, November 29, 2021 — to provide any possible intervenors sufficient opportunity to enter the case and express a view on whether and how this new case is related to *Oak Grove*.  ECF No. 8.  The Court made clear that, in the absence of any intervenors entering the case and persuading the Court that this case is in fact related to *Oak Grove*, the Court intended to send this case back to the Clerk's office to be randomly assigned from the bid protest "wheel."  *Id.*

    On November 29, 2021, Raptor Training Services, LLC ("Raptor"), filed an unopposed motion to intervene.  ECF No. 10.[1]  Raptor indicated that it "does not agree with the directly related case notice, and will not argue in favor of it."  *Id.* at 3 n.2.  No other parties moved to intervene.

---

[1] Raptor represents that it is "the intended awardee of the contemplated sole source procurement" that ITility's complaint challenges.  ECF No. 10 at 2.

The Court remains unpersuaded that this case is related to *Oak Grove* and will return this case to the Clerk's office for random assignment via the bid protest "wheel."

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), cases are assigned to judges of this Court at random. RCFC 40.1(a). The practice of assigning new cases randomly "is designed to preclude the appearance of 'judge shopping,' which brings with it a host of concerns." *PGBA, LLC v. United States*, No. 03-1986, slip op. at 2 (Fed. Cl. Dec. 2, 2003) (citing *Knox v. McGinnis*, 1990 WL 103277 (N.D. Ill. July 16, 1990); *In re Charge of Judicial Misconduct or Disability*, 196 F.3d 1285 (D.C. Cir. 1999)). In contrast, a case is assigned to a specific judge of this Court when a party believes its case is "directly related" to a previous case decided by that judge. RCFC 40.2(a)(4)(A). Cases are "directly related" when they "involve the same parties and are based on the same or similar claims," or if the cases "involve the same contract, property or patent." RCFC 40.2(a)(2). In such situations, a party must file a notice of directly related case(s). RCFC 40.2(a)(1). When a party files such a notice, the Clerk assigns that party's case "to the judge to whom the earliest-filed case is assigned." RCFC 40.4(a)(4)(A). If the judge decides that "the case is not in fact directly related to the earliest-filed case, the judge will return the case to the clerk for random assignment." *Id.*

ITility asserted that this case is related to *Oak Grove* pursuant to RCFC 40.2 because this protest "challenges an intent to award a sole source bridge contract following" — and because of — "the Court's decision in *Oak Grove Technologies*." ECF No. 3 at 1.[2] ITility does not argue, however, that its protest "involve[s] the same parties," is "based on the same or similar claims," or "involve[s] the same contract" as those in *Oak Grove*. RCFC 40.2. Indeed, ITility admits that its case involves a different contract: "ITility recognizes that this is not technically 'the same contract.' However, this procurement is a follow-on or derivative of that contract." ECF No. 3 at 2. ITility's argument appears to contravene the plain language of RCFC 40.2(a) and fails to convince the Court that this case is related to *Oak Grove*.

Nevertheless, ITility contends that assigning this case to the undersigned "will conserve judicial resources and promote efficient administration of justice because Judge Solomson is familiar with the applicable procurement history and the relevant facts surrounding this protest." ECF No. 3 at 1. The Court is not persuaded, as ITility

---

[2] Specifically, ITility argues:

> The Army issued a notice of intent to sole source services under Phase II for the RAPTOR procurement because 'No new task orders can be accomplished under this contract . . . due to a Court of Federal Claims (COFC) decision that was made on 02 August 2021.' Compl. Ex. 1. That decision is the *Oak Grove Technologies* decision. Therefore, this protest relates directly to the *Oak Grove Technologies* procurement and qualifies as a related case under Rule 40.2.

ECF No. 3 at 1.

2

is challenging a different procurement than that at issue in *Oak Grove*; as a result, "any efficiencies that would be derived from granting the pending motion are minimal, amounting to a general familiarity with the case that ultimately would save little time." *PGBA*, slip op. at 2.

      Accordingly, the Court orders this case returned to the Clerk, to be randomly assigned from the bid protest "wheel."

      **IT IS SO ORDERED**.

<u>s/Matthew H. Solomson</u>
Matthew H. Solomson
Judge
